And we'll move on to the final case for today. Talon Diversified Holdings. And so I'm going to ask our courtroom deputy to confirm that we have all counsel present. And I will ask to confirm is Mr. Henry here? Yes, I am here. OK, great. Yes, we'll obviously give us some time. You can stand there if you want, but we've got some logistics behind you we've got to carry out here. OK, give them a chance to sit down. OK, so before you begin, just a reminder here. So I see the time is being split 10, 5, and 5. All right, so when I preside, when we do this, it's going to be a hard 10, a hard 5, a hard 5. What that means is Mr. Boyer? OK, so you have 10, and I'm going to cut you off at 10. So we're not in a situation where you start going to 12, and then Mr. Gramatico is like, wait a second, I'm going to have 30 seconds. So he's going to get your time. If Mr. Boyer goes less than 10, then we can divvy up the extra time. But I'm going to cut him off at 10 to make sure you guys both have the time that you need, OK? All right. Mr. Dawe, you may proceed when you're ready. May it please the court, Michael Dawe, on behalf of the appellants and cross-appellees. And I may leave some time for my colleagues here, but I would like to reserve two minutes and two minutes on the cross-appeal and the thank you and the reply. Price versus Gurney applies here. It either applies as a rule of subject matter jurisdiction, or it applies as a mandatory rule of stare decisis. Even the district court order, which we appeal in part, concluded that Price is applicable, and it has a mandatory rule. If the bankruptcy is filed by an unauthorized individual, the only authority the court has is to dismiss that bankruptcy. We submit, Your Honors, that Price is a rule of subject matter jurisdiction. And a core aspect of our argument in that regard is the unique characteristic of the filing of a bankruptcy under federal bankruptcy law, and that is that on the instant of the filing, in this case of a Chapter 11, there is a property transfer which is effected. Under 11 U.S.C. 301 and 541, a bankruptcy estate is created. Literally the instant that bankruptcy is filed. And in order for the district court's rule to withstand analysis, the district court's rule below is even an unauthorized bankruptcy conveys or creates or starts subject matter jurisdiction in a bankruptcy court. Our submission is that in order for that rule to be correct, one must presuppose that the filing of that bankruptcy by an unauthorized individual has transferred all authority over that property to the bankruptcy court. We used an extreme example. Counsel, let me, so you feel really strongly about this. You, your clients must feel really strongly about it because they've spent a lot of money to fight about this issue, you know, in bankruptcy court and then in the district court and now in front of us. Sure. And they're not only spending their money to hire you, but they're paying for all these guys too when you lose, right, because they keep getting, so question for you, at what point are you going to drop this? Like if we disagree with you, will you take our word for it and are you going to, because you're, it seems to me, I'm just, it seems to me you're doing, I mean, maybe you think you're doing a nice service, paying, spending your client's money to help the, to make bankruptcy law better for America or something like that. But it's, I'm trying to figure out how this is helpful to your clients because you're fighting a battle that you keep losing and now you're on something like an interlocutory appeal to us and you're trying to win. I mean, could it be that we find that there's no jurisdiction over this whole thing, which is a waste of time and money and that'll just be more money that your clients have to spend for you and for the other side and all about this issue that, it just seems like much ado about nothing unless you're, I guess you're just a really public spirited, your clients are just really public spirited and really feel strongly about this issue. Your Honor, my clients have no choice. Have what? Have no choice. The central issue in this whole. They filed this lawsuit, the one that's right before us, right? They filed it. After the underlying. So they had a choice, I think. Yes, Your Honor. But they had, there's. They had a choice whether to settle the case and make the original bankruptcy that they think was unfair to them, I guess, to make it go away and they chose to settle it. Under duress. Okay, and then they decided later to, they had a choice to bring another lawsuit and they've had a choice to do all these appeals. It's not just a choice. I mean, they're spending their hard earned money for this, you know, on your fees and their fees on the other side. And I just, it just seems to me, somebody needs to be able to tell your clients, you may be throwing good money after bad at some point. And when will that point be? Well, I guess, Your Honor, if we lose here, I don't know that there's anywhere else to go. We could petition to the United States Supreme Court. Frankly, I think this is an issue that is worthy of the Supreme Court because it calls into question Price v. Gurney and what does Price v. Gurney mean? This is the United States Supreme Court rule. As this district court order stands right now, the law of the United States, according to this district court order, allegedly consistent with Price v. Gurney is that if I am a single shareholder of Apple Corp and I go and file a bankruptcy of Apple Corp, all of the assets of Apple Corp are under the jurisdiction of the bankruptcy court on that instant. That cannot pass muster. Counsel, let me ask Judge Van Dyke's question another way. So whenever I get a day sheet, which is the calendar sheet that has the cases, and there are seven numbers listed by it, seven case numbers, that's not a great sign. I'm curious what efforts have been made to try to mediate this case, kind of getting to what Judge Van Dyke's question was. I think we looked at the docket, the mediation questionnaire was filled out, but I don't think any formal steps have been taken, at least before our court. Have you thought about trying to mediate this case to resolve it? Because there could be three more case numbers. Lawyers can keep filing lawsuits, but we know that's always the case. What efforts can you make to try to resolve this case once and for all? Efforts have been made, Your Honor. Before the Ninth Circuit with the Ninth Circuit's mediation office? I'm not sure that we did with that, but there were two in the bankruptcy court. There's other litigation going on. This is a horror story. We understand that. Normally a horror story, you don't want a sequel. I understand that there are some horror stories that you can't simply step out and say, we have been abused, we have been damaged, and we're just gonna walk away and take it. Hold on a second. You say you can't simply step out. I mean, you can. Your clients can. And if they could have a time machine and could race forward and say, wow, that's cost us another half a million dollars in fees, then they maybe would have wished they had. And so is that something that they might take into account in a mediation, I guess, is what? My clients are reasonable people. This is not what they're choosing to do with their life. This is what they've been obliged to. There's always a choice. I mean, there is. But sometimes the choice is capitulation, Your Honor. Sometimes that is the choice you're offered, capitulation. I don't see the decision to try and work something out as a capitulation. Sometimes it's the wise decision. And for my part, I think folks ought to think about it. I don't disagree objectively at all. I agree 100%. I think it was Abraham Lincoln who, some famous quote on, you know, try to settle your cases. It's a better place to be. We don't disagree with that. Not for a moment. And may I just interject one thing? I've argued one case to the California Supreme Court. We lost every single step of the way. The Supreme Court took up the case. We won. And that's where we are here. Sometimes you just can't back out of a fight. The fight is presented to you. Either capitulate or do what you're doing. And that's where we are. That's a beautiful story if you end up winning the last round. But if you lose the last round, you will, your clients will end up paying a ton of money. And I mean, you're their attorney, so you're their counselor. But I think it's probably important for them to know that the fact that they've been losing in front of all of these judges, they may continue to lose in front of judges. They won with Judge Wilson in the district court substantially. The ruling of the district court order literally was, Judge Albert of the Bankruptcy Court, you took subject matter jurisdiction over matters as to which there wasn't even a colorable argument at the court. Counsel, what the district court said is that half of this has to go back to state court. That's not a win. That means you go back to state court, and the state court could do this, could say the same thing and say, you know, we're going to dismiss this case. So all that is is just possibly deferring the pain until later. It is possibly that, Your Honor. But it did, the district court said more than half. It said, with respect to the attorney defendants, Leboff and Forsyth, there are multitudinous orders which the plaintiffs have contested. You, Bankruptcy Court, need to review all of those orders. Well, counsel, I want you to be able to continue with me, but let me just, since I hope that your clients will watch this, I hope your clients will watch this and see that it may not be that you're losing these because of, you know, these unreasonable judges or something like that. It may be because your position has some challenges to it. Your legal position. And so hopefully they will take that into account and whether to continue with this or whether to possibly mediate, settle this case. I believe they are watching, Your Honor. I'm not certain at this moment, but it's my understanding they are, so. I've exhausted my time. Well, you still have 10 minutes. Oh, I apologize. No, again, you don't have to. Look, there's a lot of guys over there. So if you want to reserve the rest of your time and then come back to us, that's- I would like to reserve the rest of the time. I'll do that. Thank you. That's fine. Good morning, Your Honors. May it please the Court, Ethan Boyer on behalf of Appellees Klein and Wilson and Michael S. Leboff. My clients are similarly situated with Appellees Go Forsyth and Mark Forsyth. And so I'm taking the laboring oar with respect to this argument in that our positions are nearly identical. Both sets of lawyers were appointed by the bankruptcy court to represent the debtor in this case, appellant parts diversified limited in the underlying bankruptcy that is obviously at the center of this case. And I would agree with Your Honor's comments. My clients were brought into this case involuntarily a year after they believed they had resolved the matter by way of a stipulation and dismissal where the claims against them were released by the appellants and were brought into this case and have been fighting it since. We believe that the district court's ruling was correct. It affirmed the bankruptcy court's orders. It did not remand my clients or the Go Forsyth clients to state court. And there's really nothing further to do on the merits with respect to that ruling. And I wanted to address the question that Your Honor's raised by way of the order, I believe last week, with respect to the Things Remember versus Petrarca case. We believe that- My understanding is that doesn't relate to you all because you all were not remanded. That's correct. And that was the point I was gonna make. And under this circuit's precedent in the San Francisco versus PG&E case, since they were not remanded, it's really inapplicable. And so- You heard our question. I have a feeling of what's going on, but obviously we can't know what's going on from here as far as the practical, emotional, whatever's going on here. This is family dispute. Is there any chance that this case could settle, mediate something, or is it just people are so angry and frustrated because that seemed like they're acting rationally? I mean, certainly my clients, they're just the attorneys who represented the debtor in the bankruptcy case. It's not an emotional issue for them. I think that they would be open to resolving the case. I don't wanna get into specifics of what has been discussed at various points. For sure. But certainly they would be open to that. They believe this case had been resolved by way of stipulation and a release in a year. And by the way, the appellants had counsel, competent counsel, bankruptcy counsel, experienced bankruptcy counsel, a Marshack Hayes firm out of Orange County to represent them. In connection with that stipulation and release of the professionals that were appointed by the bankruptcy court, Klein and Wilson and Go Forsyth. So this case, the second phase of the case, the Act II as it's referred to by the district court in its opinion, which is thorough and detailed, is really an effort to somehow undo the effects of that stipulation so that they can sue my clients and Go Forsyth for various tort claims relating to their representation of parks diversified in the bankruptcy. Can I ask you a kind of technical bankruptcy question? So I may not understand everything I'm asking you about here, but so if I understood the district court concluded that the bankruptcy court had ancillary jurisdiction over your claims because it's a settlement.  Under the non-bankruptcy removal statute, so not the bankruptcy removal statute, I think we have Supreme Court precedent that says ancillary jurors, maybe it's not Supreme Court precedent, maybe it's not circuit precedent, but we have precedent that says ancillary jurisdiction is not enough to remove. In other words, you can't remove just based on ancillary jurisdiction. So is that a problem if the district court was right that the bankruptcy court only had ancillary jurisdiction? Does that mean that it should not have allowed the claims to be removed? No, no, your honor. They can, it can be allowed to be removed on the basis of the reservation of jurisdiction specifically in the order approving the stipulation. Well, and I think it's Sygenta, Crop Protection versus Henson, 2002 Supreme Court case says that removal does not dispense with the need for compliance or statutory requirements. Ancillary jurisdiction therefore cannot provide the original jurisdiction that petitioners must show in order to qualify removal under 1441, which is not the bankruptcy removal statute. So is the bankruptcy removal statute somehow different? It is, your honor. I mean, it specifically allows for removal based on ancillary jurisdiction and also on this circuit's opinion in Ray Franklin. Specifically, it allows for removal jurisdiction for claims or cause of action under section 1334, but ancillary jurisdiction is not a 1334. I was trying to figure out is whether or not the district, the bankruptcy court had that core jurisdiction over your claims or if that was a problem, you know, ancillary is enough. And we argued, and we do believe- I know you argued that they do have core, but- They do have core jurisdiction. I know, but I'm just trying to say if they don't, if the district court was right, does that cause a problem under this? I don't believe it does in that, in that the bankruptcy court is allowed to reserve jurisdiction to enforce its order. That makes some sense to me intuitively. Otherwise, I'm not sure if you, even though you affirmatively retain jurisdiction to enforce your order, then you'd have to, but under the actual language of the statutes, I'm not sure how that works. And you'd be, I understand intuitively it must be right because, or it seems like it should be right because otherwise you're relying on state courts. You know, if you release claims, you'd be relying on state courts. That seems like a federalism problem the other way. I don't know. Correct, and under the Barton Doctrine, there is no ability for the state court to hear those types of claims against court-appointed officers such as Klein and Wilson. I guess you could say that the jurisdiction relates back to the original removal somehow that, you know, I don't know. Correct, and there's also a line of cases that we cited, the Schultz case, the In re Miles case, that claims based on conduct as bankruptcy-appointed officers can only be heard in the federal courts. In other words, abusive process claims against an attorney for a debtor in bankruptcy cannot be brought in state court, has to be brought in federal court. And those are, and I believe one of those cases involves a legal malpractice case as well. And those were- What if we were to conclude that some of the claims, you know, the complaint here is sprawling and crazy. And so what if we conclude that some were covered by court jurisdiction, but maybe others weren't? What is our analysis of that? Do you take the others under ancillary jurisdiction? You take the ones under court and then- You would take them under ancillary jurisdiction. And you wouldn't have this possible problem of not being able to remove under ancillary because you could have removed the, under the court for the certain ones and then- Correct, Your Honor.  And they're all covered by the court's ability to enforce its order, effectuate its order, the stipulation and dismissal, which is specifically reserved jurisdiction to do. And I don't want to go over my time here. You got two minutes. Two minutes. Okay. So we believe that the district court correctly held that the bankruptcy court was well within its authority to, to effectuate its stipulation and dismissal order. We also believe that the district court and the bankruptcy appellate opinion from the 10th Circuit in Ray J.D. Holdings correctly analyzed the Price versus Gurney case to find that under more recent precedent, the Arbaugh case and various other cases, that you have to have a clear indication from Congress that the authorizing jurisdictional statutes want to imbue a procedural bar, such as lack of authority to file a petition with jurisdictional consequences. And those jurisdictional statutes for the bankruptcy courts and for the federal courts to hear bankruptcy cases, 28 U.S.C. 1334 and 28 U.S.C. 157 do not imbue any jurisdictional consequences to a lack of authority. The recent Third Circuit opinion that we cited to your honors in a letter brief in Ray Whitaker, Clark and Daniels came to that same conclusion. Am I right in thinking that we would be, if we were to reach the conclusion that a colleague on our side wants, we would be creating a circuit split? That's correct, your honor. Yeah. That's my- On Price. Yes. And so far, I believe there are only lower court bankruptcy opinions that support that interpretation of Price versus Gurney, which did not use the term subject matter jurisdiction. And there's a whole line, as I'm sure your honors are aware, of recent Supreme Court cases that deal with requiring a clear indication- Drive-by jurisdiction. Drive-by, exactly. And that's not present in the authorizing bankruptcy statutes here. And I'll submit on that. Right on time. Well done. All right, thank you, counsel. Please the court, Paul Gramatico appearing for defendants and cross appellants, Daryl White, William London, Max Sharp, and Kimura London White, LLP. So your honors, just to give you a little bit of background on where my clients are situated in this procedural morass. We appeared in this case, my clients are all attorneys and a law firm. They were brought into this case because they purportedly undertook representation of a corporation that the plaintiffs alleged they didn't have authority to represent. Based on that core allegation, they were brought into what is essentially a intrafamilial dispute between parents and a son over who controls this corporation, Parks Diversified, which is the debtor for purposes of the bankruptcy. When we appeared in this case, the matter had already been removed to the bankruptcy court. So from our point of view, we didn't remove it. We appeared, we were in the bankruptcy court, we brought an anti-slap motion. That was granted on the basis that the entire case as to our clients was barred by the litigation privilege. So we prevail, we get a judgment, we go to the district court. Then the district court issues this order and the justices have already alluded to it, essentially saying, well, the district court validly exercised supplemental jurisdiction as to some of it, but not as to these other claims. So as to those other claims, those involve my client and two of the other co-defendants who are Becker and David Klein. So what I'm urging the court today is that the district court, I'm urging the court two things. One, the district court's order is reviewable by the Ninth Circuit. I know there were some concerns about that. And two, the district court order was erroneous and should be reversed to the extent it holds that the district court did not valid, that there was no supplemental. So you're, three minutes, tell us things remembered that seems like a problem for you. Okay, things remembered. So things remembered is, it stands for the proposition that if an order remands a removed bankruptcy case to state court because of a timely raised defect in removal procedure or lack of subject matter jurisdiction, a court of appeals lacks jurisdiction to review that order. Well, as we know from things remembered, 1447D has to be read in conjunction with 1447C. Well, what 1447C says is if at any time before final judgment, it appears that the district court lacks subject matter jurisdiction, the case shall be remanded, the case. Well, in this particular case, the district court didn't remand the entire case. They determined that it had core original jurisdiction over a portion of it and then declined to exercise supplemental jurisdiction over other portions, the portions that involve my client. What I suggest to you is that was error because, I mean, there's a few different ways you can go about it. You can determine that the claims were core claims, as you previously alluded to. If they're core claims, then the district court also had subject matter jurisdiction over any claims related or inextricably intertwined. So you read 1447D as only applying when the entire case, we can't review when the entire case is being remanded, but if only a portion of the case would have to be remanded. Correct, because if you follow that logic, if only a portion of it is getting remanded, that means the district court had original jurisdiction over the entire case, and therefore, you could still remand a portion of it, but you would still have jurisdiction because that would be a situation where you're declining to exercise supplemental or ancillary jurisdiction over the remaining claims. That's the situation here, but the court could have exercised that ancillary jurisdiction, and once it determined it had core jurisdiction, and it should have, because the claims against my client are based on the same factual premise. Are there any cases that have addressed this issue that you're talking about as far as whether or not 1447D replies when a part of a case is remanded and part of it is not? None specifically on that point, but I'd like to direct the court to In re Pegasus Gold Corp 394F3-1189-1195. That's a Ninth Circuit case, and in that case, it says, pursuant to 28 U.S.C. Section 1367, district courts have supplemental jurisdiction over all other claims that are so related in the action within the court's original jurisdiction that they form part of the same case or controversy under Article III. That's the situation here. The remaining claims involve a core nucleus of operative facts and would ordinarily be expected to be resolved in one proceeding. It obviously makes sense for them to be resolved in this proceeding because they involve the same core factual question whether or not Mr. Klein had authority to act on behalf of the corporation. Moreover, it's particularly relevant here because you'd be telling us we need to start over. As you said, we've spent a ton of money. We've been dragged through the mud. Now we're having possibly a third appeal on jurisdiction, and we're gonna be sent back to the state court, and everyone's gonna waste more money, and they're gonna decide in our favor again that the litigation privilege applies. I've gone over my time. Can I ask you one thing that occurred to me, which is let's say that we said we don't have jurisdiction under 1447 because it says remanding a case, and we would interpret that as the part of a case, right? So we just don't have jurisdiction. So we send it back, and could a state court conclude that, wait, this is the kind of claim that has exclusive jurisdiction in bankruptcy court and therefore dismiss the claim when it gets back to state court. There would seem to be some tension between that and the district court's conclusion that it didn't have jurisdiction. I absolutely agree. That's the problem. If you look back at Judge Albert's orders in the bankruptcy court, he recognized the fact that all these same factual questions were bound up- But you could argue he was just wrong, and he would have got corrected by the Ninth Circuit, doggone it, but they didn't have jurisdiction because of this jurisdiction stripping statute. And so, yeah, that may seem like it's inconsistent, but it's only inconsistent with the wrong district court order. You could argue that, I guess. Well, and I think that there is a tension regarding what is reviewable and what is not under the analysis and things remembered. But I think that the main point is that because the district court exercised some original jurisdiction, whether that was right or wrong, they also had the ability to exercise ancillary jurisdiction over the claims against my clients. All right, thank you very much, Counselor. May it please the court. Gregory Emdy for defendant and cross-appellant Todd Becker. Not to retread what my colleague just pointed out to the court. I would like to point to the court's notice that there is a Fifth Circuit decision that has dealt with the things remembered case, 1447, has decided there is an exception to that non-reviewability. It's based upon whether that order that's being reviewed is separate and distinct from that remand order itself. It creates a carve-out to the point where the cross appeals that have been filed are not just based on the remand, they're based on deciding whether the order's a core or non-core. The core or the non-core proceeding are separate from the remand order because the issue with the district court, district court made it multiple rulings, multiple decisions throughout its lengthy, over 50-page order. What it determined was that the claims against Mr. Becker were non-core. However, the cross appeal goes to the issue that we're saying that the district court erred in saying that it wasn't core. But the fact that they were so factually independent, they could be decided. Not to mention that the plaintiffs repeatedly throughout the course of the case had decided that they had consented to the jurisdiction of the bankruptcy court. The U.S. Supreme Court and Commodity Futures Trading Commercial versus Score, 478 U.S. 833-106-S Court, said that the right to adjudication between Article III court is personal and therefore subject to waiver. Article I court, such as the bankruptcy, can decide matters as long as all parties consent. The all parties consented in a stipulation that all the orders made regarding the motions dismissed, the anti-SLAPP were all final. The, not to mention that there is a step by statute, plaintiff is required to file an objection or a statement saying non-consent to the bankruptcy court's jurisdiction. They did not do that. They consented, they filed multiple versions of their complaint in the bankruptcy court. They decided to avail themselves of the bankruptcy court's jurisdiction. The, in writing Becker, Becker's slightly different position procedurally from the other cross appellants because Becker came into the case relatively late. He was not in participating in the case until after the second amendment complaint was filed in bankruptcy court. The Judge Albert in the bankruptcy court gave leave to amend, to amend the complaint. Plaintiff told you, yes. Can I ask you a question about that? So Becker was never involved in the state court case. He got added once it was removed. He was added in the bankruptcy court. He was in the state court case. He was removed to the bankruptcy case, but he was never served until later on down the line. And the Kale and White, what was their, they were in state court and got removed or were they not added? I thought I heard him say that they, you're not sure. I'm not sure. I'm not sure of their procedural position. Do you think that matters for purposes of, it's an order remanding a state to the state, case to the state court. It makes, it's complicated because the district court did not remand the entire case, remanded part of it. But if what it remanded was somebody who was not in the case until it was in bankruptcy court, then it's not technically a, I mean, in some ways it's not a remand because it never were in state court. Does that matter? Well, at that point, I don't, frankly, I don't believe it matters too much at that juncture because we were served in the bankruptcy court multiple times. It wasn't just a situation where we were served with the state court case, removed to a bankruptcy case. And then we were served multiple, we were served, we didn't appear in the case until after the first amendment complaint in the bankruptcy case. Therefore, we've been in bankruptcy this entire time. We have never appeared in the state court case. Todd Becker has never appeared in the state court case. He's been in the state court case. He didn't, he wasn't a part of the remand or the removal, I mean. And by the fact that he can't be, he was dragged through this for three years litigation to be told that he has to go back to the state court regarding, he's had multiple instances. We're talking about a core versus non-core. There's been multiple orders. I think there's been almost a half dozen orders decided in the bankruptcy court. If plaintiff desired to appeal the jurisdictional issues, he could have made a, or he could have made a statement saying he refused the jurisdictional issues, not consenting to the bankruptcy. They decided not to do that. That was the decision. The whole point of the consent of the bankruptcy court is that bankruptcy court is not required to have expressed consent. Bankruptcy court can infer consent even if they don't have an express. By doing that, it avoids gamesmanship and waiting until you decide if you've got a good order or not. And that's exactly what's happening here at this point. Plaintiff got a bad order. They got their claims dismissed and they decided to appeal after that. This is a three year long engagement through the bankruptcy court and the district court. There's been multiple instances where plaintiff could have decided to not submit to the bankruptcy court's jurisdiction. They decided to file motions to remand, but they did not file the proper procedure as dictated by statute. Last question for you. We asked opposing counsel about mediation. Try to end this. What are your thoughts on that? I would heavily welcome mediation in this case. I have suggested it in numerous cases. We've talked about it at length with Judge Albert in the bankruptcy court. We believe this case would be right for mediation if we could ever get there. All right, thank you. All right, I'm sorry, Mr. Gramatico, would you agree with that? Yes. All right, thank you. You have a final agreement here. There's no reason not to try. Okay. Just a few points, if I may. Waste, from the very beginning, we have, through Judge Albert, through Judge Wilson, pointed out that the failure to address subject matter jurisdiction has been recognized by the United States Supreme Court, by all the circuits. Can we just, assuming you're wrong about that, I know that, like, just make that assumption. Assuming you're wrong about it. About which assumption? That Price is not a subject matter jurisdiction case. I'll assume Price is not a subject matter jurisdiction. Okay, that Price is not a subject matter jurisdiction, and so the court did not err in agreeing that there was a settlement agreement. Assume for a second that the original case. No, no, I'm asking you to assume this, all right? This is your lawyer, this is what you do. You can, like, set aside your own personal views. So can you assume with me for a second that the initial, the district court approving the settlement was not an error under, because either it wasn't subject matter jurisdiction or that it was fine to do that before getting to the question of whether or not he had authority to file this. I can only go so far, Your Honor, because the record is that the settlement was under duress.  Okay, okay, you're really struggling to make that assumption, but can you do it? Can you do it? Okay, so we assume Judge Albert was, it was okay for Judge Albert to approve the settlement. Yeah, okay, and so if that's the case, what is left of all of that this is going on today? Well, okay, assuming it's correct, and assuming the DCO, the district court order was correct with respect to Leboff and Forsyth, which still leaves a big question because there's a big question as to what the DCO meant as to Leboff and Forsyth, but then there's still the, from the very beginning we've pointed out, allegations in this sprawling complaint, Your Honor, and I appreciate the court's comment on that, and I can explain it, but there are allegations of torts which were committed before the bankruptcy, torts which were committed after the bankruptcy. Those were never a part of that stipulation. You would have to contort that stipulation. You would have to misread it. So let me ask you this, though. So assuming, I'll make an assumption and assume you're right about that, all right? So I'll meet you on your assumption. I think part of that, though, is that there is stuff that is, I mean, you would agree that there is stuff that's right in your complaint that you are saying they didn't have authority to file the bankruptcy, and that that's not before or after. That's right in the wheelhouse. So what would we do with those claims? Those claims would be court jurisdiction, at least ancillary? I don't think so. Well, now I have to put my head into your assumption, Your Honor, because- Yep, yep, yep, that's why I did that to you. Okay, so assuming, are we assuming Judge Albert really had subject matter jurisdiction? Yes, we are. 100%, 100%. This is really important, and the reason I'm forcing you to do this is because if that's the case, I just want you and your clients to know if you, I think that's been the struggle for this whole thing is that you've really been having difficulty releasing your view about this and saying, well, what if I might be wrong? And that's what you have to be able to do in order to make litigation risk assessments and proper litigation risk assessments lead to settlement. Your Honor, I've been doing this 40 years.  So I do understand that. I genuinely understand and appreciate that, Your Honor. So assuming Judge Albert had subject matter jurisdiction, assuming he had the jurisdiction to approve the settlement, we still got our pre and our post claims that weren't part of the settlement, but- So what should the district court have done here, or the bankruptcy or district court have done? What it should have done, under Price v. Gurney, assume it's not a subject matter jurisdictional holding. Price v. Gurney says if no authority of the filing individual, that one shareholder of Apple who goes down and files the unauthorized bankruptcy, if that person has no authority, then the bankruptcy court has zero authority to do anything other than dismiss the case. So we present- Let me go back to what we're assuming here. Let's assume that Price did not prevent them from, did not prevent the district court from approving the settlement, which included, remember, releasing the claims. Let's assume that those claims were properly released. Do that for me. Then what was the right result for the district court in this case? Could the district court remove? Assuming that everything, could the district court, was the removal improper? Was the removal improper, assuming the district court did not violate Price in approving the settlement? Was the removal improper? I believe it was. Why? That's what I want to know from you. Why? Because the removal, when we make a factual challenge to the removal, so difference between factual and facial challenge, we make a factual challenge to the removal. That creates an evidentiary question of fact at the point of removal. Evidentiary question of fact. In this record, the sole record, or the sole evidence on the issue of whether Mr. Klein ever had authority, there is no evidence, none. So he had authority. I think the answer I'm hearing from you is I just can't let Price go. I love Price. The Price is right. Like this is, and so you, I mean, that's what, everything gets back to Price on you, which has been how you've litigated the case so far, but I don't think you- Supreme Court decision. So let's assume it's not a subject matter jurisdiction. It says in black letter, as just Judge Wilson underlined, Price stands for this proposition, the one I've been articulating. That means when the case first comes to Judge Albert, he has a question of fact presented to him, and there's no evidence. So if we assume Judge Albert could do what he did, that means notwithstanding Price saying you can't do anything bankruptcy court if the filer didn't have authority, Judge Albert had the authority to keep the case for 10 months, to appoint counsel, to initiate lawsuits against the 99% order. Counsel, I think we understand your Price argument really well. I'm just gonna ask you one more time. You got three minutes. If the district court properly applied Price here in the original, and we agree, if we agree with the district court, I'm not saying we do or don't, but if we do- Is this Judge Wilson? I just wanna make sure we're correct on terms. Do you mean Judge Albert in bankruptcy court or Judge Wilson- Everything that has been said by the lower courts to this point about Price is gospel. Like, okay, let's assume that for a second. Then what is wrong with what the lower courts decided as far as removal? And in this case, that's what I want to know. If- And when you answered the question last time, you immediately reverted back to saying, yeah, they applied Price wrong. You can't do that. I'm not letting you do that. You're fighting the hypothetical. Do me a favor and say, if the lower courts were all correct about Price, Price is off the table, then what did the lower courts do wrong? If the district court's decision is correct on Price, then we still have our pre- And what is the upshot of that? Okay, I understand it, but what is the upshot of that? We are literally at the start- Do you agree that at least part of this case, the district court then correctly granted, you agree that at least part of the case then, the part that's not on either end, the district court was okay to remove? I'm assuming that because you've asked me to, Your Honor. I don't agree with that. I've asked you to assume that it was correct about Price, but I'm asking you about, assuming that it was correct about Price, could it or could it not remove and address the, your claim that they, that this person improperly filed the bankruptcy, did not have authority to file the bankruptcy? I've lost the question, I apologize, Your Honor. The authority, there is no issue in the record as to whether there was authority. The only evidence in the record is there was no authority. So we have to presuppose this entire appeal. But you did have a settlement. And Judge, Judge Wilson presupposed the lack of authority because his holding says, even an unauthorized bankruptcy creates subject matter jurisdiction. So we have to presuppose that lack of authorization as an underpinning of the district court order, which it is. And there's no evidence to the contrary. We challenged everybody. If we've made a mistake in setting forth the facts in this record by saying there's no evidence that supports David Klein had authority, bring it forth.  He didn't have authority. That's one of the reasons we're still here. This is a 1% owner who hires attorneys to try to extract a $30 million maul from his parents, which is their only living asset. That's what I say when, or that's what I mean when I say sometimes capitulation is not an option. Settlement at the point of a gun. Is that Reagan? I can't remember. We don't negotiate at the point of a gun. Anyways, I think, I wanted to address something Mr. Emdy said. Wrap it up, because I think you're over time. We never, ever, there's nothing in this record which would suggest we consented to Judge Albert's jurisdiction at any step of the way. With the same passion I have here today, I stood in front of Judge Albert several times and he acknowledged it fairly. We never consented to jurisdiction, nor can jurisdiction be created by consent. That's black letter. Thank you so much. Thank you very much. Thanks to all the counsel in this case. I appreciate Judge Van Dyke. I appreciate the Price is Right reference. My favorite Price is Right game was Cliffhanger, where the guy would yodel and he'd fall off the mountain if the price wasn't right. That was always my favorite. With that, this matter is submitted and we are adjourned. I wanna thank our courtroom deputy for stepping up today. Really appreciate it. All rise.
judges: OWENS, VANDYKE, THOMAS